IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRY W. GIBSON,                    :
                                    :
        Plaintiff,                  :
                                    :
vs.                                 :     CIVIL ACTION 02-0792-M
                                    :
JO ANNE B. BARNHART,                :
Commissioner of                     :
Social Security,                    :
                                    :
        Defendant.                  :


<u>MEMORANDUM OPINION AND ORDER</u>


    This action is before the Court on Plaintiff's attorney's
Motion for Authorization of Attorney's Fees Pursuant to 42
U.S.C. § 406(b) (Doc. 40), Defendant's Response to Plaintiff's
Petition for Approval of Attorney Fees (Doc. 41), and
Plaintiff's Reply to Defendant's Response ... (Doc. 42).  After
consideration of all pertinent materials in the file, it is
**ORDERED** that Plaintiff's attorney's Motion for Authorization of
Attorney's Fees Pursuant to 42 U.S.C. § 406(b) be and is hereby
**GRANTED** and that Plaintiff's attorney, Gilbert B. Laden, be and
is hereby **AWARDED** a fee of $15,718.40 for his services before
the Court.

    Plaintiff Terry W. Gibson hired Mr. Laden in 2002 to pursue
his claims for a period of disability and Disability Insurance

Benefits after his claims were denied at the administrative level.  At that time, it was agreed that Mr. Laden would receive 25 percent of past-due disability benefits due Plaintiff and his family.  A written contingent fee agreement was executed by Plaintiff on October 25, 2002, just prior to filing this action in federal court (Doc. 40, attachment 2).

For the past approximately 3 years, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for a period of disability and Disability Insurance Benefits on May 27, 1998, which application was denied initially on September 18, 1998.  On May 17, 1999, Plaintiff filed for reconsideration and, upon reconsideration, the initial determination was affirmed on August 4, 1999.  On September 30, 1999, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which request was dismissed on July 26, 2000.  Plaintiff requested review by the Appeals Council of the ALJ's dismissal of Plaintiff's request for a hearing and, on August 21, 2002, the Appeals Council affirmed the ALJ's decision.

After denial of his application for Social Security benefits by the SSA, Plaintiff filed this action on October 25, 2002, for judicial review of that decision (Doc. 1).  See 42 U.S.C. §405(g).  On June 19, 2003, the Secretary filed a Motion

2

and Memorandum for Entry of Judgment Under Sentence Four of 42
U.S.C. § 405(g) to allow Defendant to consider issues raised in
Plaintiff's Amended Complaint (Doc. 15) in order to determine
whether Plaintiff's medically-documented mental impairment
constituted good cause for his missing the deadline to request
review of his denial of benefits (Doc. 20), without objection
from Plaintiff.  On June 23, 2003, a Report and Recommendation
was entered that Defendant's Motion and Memorandum for Entry of
Judgment ... be granted and that this action be remanded to the
Social Security Administration for further administrative
proceedings pursuant to sentence four of 42 U.S.C. 405(g) (Doc.
21).  By Order and Judgment entered July 25, 2005, Judge Granade
adopted the Report and Recommendation and remanded this action
to the Secretary for further administrative proceedings pursuant
to sentence four of § 405(g) (Docs. 22, 23).

     Without the necessity of any additional administrative
proceedings, the Social Security Administration issued a Notice
of Award dated January 1, 2005, awarding benefits to Plaintiff
and informing him that $21,359.40 was withheld by Defendant in
anticipation of direct payment of an authorized attorney's fee
(Doc. 40, attachment 4).  The Commissioner approved an
administrative attorney's fee of $5,300.00 and a check for
$5,225.00 was issued to Plaintiff's attorney on January 14,

2005, reflecting the approved administrative attorney's fee less the user fee of $75.00. After the deduction for the administrative attorney's fee, the Commissioner issued an Important Information notice dated January 18, 2005, stating that $16,059.40 was withheld for attorney's fees. A second Important Information notice dated July 24, 2005, regarding Plaintiff's daughter, evidenced that $3,334.00 should have been withheld toward attorney's fees, but was instead paid to her, which amount was to be recovered by the Commissioner. The total of all withheld fees is $21,359.40, combined with the additional $3,334.00 which should have been withheld, results in a total amount of $24,693.40. Of this amount, Plaintiff's attorney has received $5,300.00 (less the $75.00 user fee), for a balance of $19,393.40.

On September 12, 2005, Mr. Laden filed the pending Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) for services before this Court, requesting approval of a fee in the amount of $15,718.40 (Doc. 40). The SSA withheld $21,259.40, representing 25 percent of past-due disability insurance benefits due Plaintiff for payment of an attorney's fee. Mr. Laden spent a total of 29.4 hours before this Court and has represented Plaintiff before this Court since 2002, when the complaint for judicial review was filed, without

4

compensation for his time spent before this Court (Doc. 40).
Defendant has responded that the requested fee would result in
an hourly rate of approximately $536.75 and asks the Court to
award no more than a reasonable fee under 42 U.S.C. § 406(b)
(Doc. 41).

Section 206(b) of the Social Security Act, codified at 42
U.S.C. § 406(b), provides that when a court renders a favorable
judgment to a Social Security claimant "[w]ho was represented
before the court by an attorney, the court may determine and
allow as part of its judgment a reasonable fee for such
representation, not in excess of 25 percent of the total of the
past-due benefits to which the claimant is entitled by reason of
such judgment[.]"  42 U.S.C. § 406(b)(1)(A).[1]  The fee is
payable "out of, and not in addition to, the amount of [the]
past-due benefits."  Ibid.  Section 406(b) thus "provides for
contingent fees to be charged *to the client*, with the amount to
be set by the district court subject to a statutory maximum."
Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir.
1985)(citations omitted)(emphasis in original); see Meyer v.
Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total

---

[1]"When a claimant receives a favorable administrative
decision following a remand of a case by the district court to
the secretary, the district court may award attorney's fees
pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796
F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement. Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986). Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given the fact that counsel requests court approval of the fee, and given the purpose of Title XVI, which is to provide benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status, the undersigned is of the opinion that the Court should consider whether the fee requested is reasonable and specifically authorize counsel's withdrawal of such a fee from a trust or escrow account.  Plaintiff's counsel is not requesting approval of such a fee in this action (Doc. 40).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d

1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535
U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously
required the "lodestar" method, under which the number of hours
reasonably devoted to the action was multiplied by a reasonable
hourly fee, to be the starting point and centerpiece for the
courts in calculating reasonable § 406(b) fees.  The existence
of a contingent-fee agreement was just one of a number of
different factors to be considered in adjusting the lodestar
amount upward or downward.  Id. at 1327.

   The Supreme Court in Gisbrecht, in resolving the division
among the circuits on the appropriate method of calculating fees
under § 406(b), concluded that Congress designed § 406(b) to
control, not to displace, fee agreements between Social Security
benefit claimants and their counsel, Id. at 1817, and that "§
406(b) does not displace contingent-fee agreements as the
primary means by which fees are set for successfully
representing Social Security benefits claimants in court.
Rather, § 406(b) calls for court review of such arrangements as
an independent check, to assure that they yield reasonable
results in particular cases".  Id. at 1828.  Congress has
provided one boundary line:  Agreements are unenforceable to the
extent that they provide for fees exceeding 25 percent of the
past-due benefits.  Within the 25 percent boundary, the attorney

for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  Id. at 1822.

Mr. Laden filed an Application for Attorney Fees Pursuant to the Equal Access to Justice Act on August 20, 2003 (Docs. 24, 25).  After consideration of that motion, as well as Defendant's Memorandum in Opposition to Plaintiff's Motion for Equal Access to Justice Act (EAJA) Fees (Doc. 26); Plaintiff's Amendment to Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docs. 30, 31); Defendant's Reply to Plaintiff's Response to Defendant's Memorandum in Opposition ...

(Doc. 32); Plaintiff's Surreply to Defendant's Reply to
Plaintiff's Response to Defendant's Memorandum in Opposition ...
(Doc. 33); the Court heard from counsel by telephone on February
10, 2004.  Later that same day, Defendant filed a Final Response
to Plaintiff's Motion for Equal Access to Justice Act (EAJA)
Fees (Doc. 34), in which she stated that the parties had settled
the attorney fee issue and agreed to an EAJA fee in the amount
of $3,675.00, for 29.4 hours spent in this Court (Doc. 34).  The
Court entered an Order and Judgment awarding Plaintiff's counsel
an EAJA fee in the amount of $3,675.00 on February 13, 2004
(Docs. 38, 39).  In the present Motion for Authorization of
Attorney's Fees Pursuant to 42 U.S.C. § 406(b), Mr. Laden
acknowledges that an attorney's fee awarded under 42 U.S.C. §
406(b) is subject to a dollar-for-dollar offset by previous
attorney's fees awarded under EAJA, which in this instance is
$3,675.00.

    The Supreme Court in Gisbrecht did not set out the specific
factors that the district courts are to consider when reviewing
fees yielded by a contingent-fee agreement but it did cite with
approval the opinions of courts in several circuits that give
effect to the contingent-fee agreements, if the resulting fee is
reasonable.

            Courts that approach fee
        determinations by looking first to the

9

contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Rodriquez, 865 F.2d at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. <u>Wells</u>, 907 F.2d at 372. A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction. <u>Id</u>. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable. Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by <u>Gisbrecht</u> and the opinions cited above, the Court finds that Mr. Laden has diligently represented Plaintiff since 2002 in

11

this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Laden contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which he agrees to the fee being requested by Mr. Laden.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $15,718.40 is reasonable for the services rendered before this Court.

Therefore, it is **ORDERED** that Plaintiff's attorney's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee of $15,718.40 for his services before this Court and that Mr. Laden refund to Plaintiff the sum of $3,675.00, which sum represents the EAJA fee he was awarded.

DONE this 30th day of September, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE